

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J.C. Gowdy
County Auditor
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No.O-1149
Re: When a county is operating on
a cash basis, may interest be
legally paid on overdrafts at
local banks?

Your request for an opinion on the above
stated question has been received by this depart-
ment.

Your letter reads, in part, as follows:

"The Commissioners' Court of this coun-
ty is considering the advisability of oper-
ating on a cash basis rather than by issu-
ance of scrip as has been the practice for
the past two years.

"Before adopting such a policy the Com-
missioners' Court desires to be advised as
to whether interest may legally be paid upon
overdrafts at the local banks."

We find in 15 CORPUS JURIS, p. 606, the fol-
lowing rule:

"As a general rule, in the absence of
statutory provision therefor, county orders
of warrants in the usual form do not bear
interest, at least until after demand and
refusal of payment; and in some jurisdic-
tions the allowance or payment of interest
on county script is expressly forbidden.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J.C. Gowdy, page 2

even after such demand and refusal, and even though the order contains a clause for the payment of interest. In some jurisdictions, however, a county board may issue interest bearing warrants to cover certain obligations of the county. Although, when authorized by statute, interest on outstanding warrants can be allowed only from the time the statute authorizing its payment goes into effect, and a change of the legal rate does not apply to interest on warrants which have already become entitled to draw interest, invalid warrants which are ratified and validated will draw interest as though they were valid when issued."

We quote from RULING CASE LAW, Vol. 15, p.p. 17 and 18 as follows:

"It is well settled, both on principle and authority, that a state cannot be held to the payment of interest on its debts unless bound by an act of the legislature or by a lawful contract of its executive officers made within the scope of their duly constituted authority. This principle applies to bonds, claims, judgments, and warrants. The theory upon which the rule is based is that whenever interest is allowed either by statute or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor. But delay or default cannot be attributed to the government. It is presumed to be always ready to pay what it owes. The apparently favored position of the government in this respect has been declared to be demanded by public policy. A county is generally regarded as but an arm or agent of the state, and not liable for interest, in the absence of an express agreement to pay it. This rule applies to county warrants or orders and in general to

Hon. J. C. Cowdy, page 3

county contracts, but a county is generally
liable for interest on coupons on its bond
after maturity. * * * "

The case, COMMISSIONERS' COURT vs. WALLACE,
15 S.W. (2d) 535, holds that the Commissioners'
Court must have authority of law for its contract,
and, if the authority has been given, a reasonable
construction of it will be given to effect its pur-
pose.

We quote from the case of EASTLAND vs. CHAP-
MAN, 278 S.W. 4-5, as follows:

" * * * It is very generally stated that
interest is of a purely statutory origin,
and not the creature of the common law, and
that interest should be refused except in
such cases as come within the terms of the
statute."

Section 53 of Article 3 of the State Constitu-
tion, reads as follows:

"The Legislature shall have no power to
grant, or to authorize any county or munici-
pal authority to grant, any extra compensa-
tion, fee or allowance to a public officer,
agent, servant or contractor, after service
has been rendered, or a contract has been
entered into, and performed in whole or in
part; nor pay, nor authorize the payment of,
any claim created against any county or muni-
ipality of the State, under any agreement or
contract, made without authority of law."

We quote from TEX. JUR., Vol. 11, p. 603, as
follows:

"The method of administering the finances
of counties is fully provided for by the stat-
utes, and the requirements of the law may not
be departed from. * * * "

Hon. J.C. Gowdy, page 4

After a careful search of the statutes and the constitution we are unable to find any authority authorizing the Commissioners' Court to pay interest on overdrafts.

We quote from TEX. JUR., Vol. 11, p. 564, as follows:

"Commissioners' Courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law,-that is, by the constitution and statutes of the state."

On August 9, 1937 this department held in an opinion written by Hon. Scott Gaines, Assistant Attorney General, addressed to Mr. J.R. Jones, County Auditor, Wichita Falls, Texas, "that this department has consistently held that the county commissioners' court was without authority to allow and pay interest on ordinary county warrants or script issued in payment of current expenses. Therefore, interest could not be paid by a county to the county depository on overdraft created in the general fund, road and bridge fund or the officer's salary fund or any other fund of the county." Also see the case of the STATE OF TEXAS vs. WILSON, 71 Texas 291.

You are respectfully advised that it is the opinion of this department that when a county is operating on a cash basis, such county cannot legally pay interest on overdrafts.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY *Ardell Williams*

Ardell Williams
Assistant

AW:cb

APPROVEDSEP 8, 1939

*Fred C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB.*
CHAIRMAN